## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Northern District)

| | |
|---|---|
| **BIG BROWARD 70 LLC** <br> 11843 Man O War Lane <br> Berlin, Maryland 21811 <br><br> *Plaintiff,* <br><br> v. <br><br> **WINDSOR-MOUNT JOY MUTUAL INSURANCE COMPANY** <br><br> Serve On: **MARYLAND INSURANCE COMMISSIONER ALFRED W. REDMER, JR.** <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, Maryland 21202 <br><br> and <br><br> **PHILIP W. TAWES INSURANCE AGENCY, INCORPORATED** <br><br> Serve On: **PHILIP W. TAWES** <br> 948 West Main Street <br> Crisfield, Maryland 21817 <br><br> *Defendants.* | * <br> * <br> * <br> * <br> *    **Civil Action No:** <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Big Broward 70 LLC, by and through its undersigned counsel, Christopher D. Buck, Adam G. Smith, and Hyatt & Weber, P.A., files this Complaint against Defendants Windsor-Mount Joy Mutual Insurance Company and Philip W. Tawes Insurance Agency, Incorporated, and states as follows:

## Parties

1.      Plaintiff, Big Broward 70, LLC, (hereinafter "Plaintiff"), is a Delaware limited liability company with its principal office located in Wilmington, Delaware.

2.      Defendant, Windsor-Mount Joy Mutual Insurance Company, (hereinafter "Windsor-Mount Joy"), is a Pennsylvania insurance company that was providing Marine insurance coverage to Plaintiff and his Vessel in Maryland, with its principal place of business located in Ephrata, Pennsylvania. At all times referenced herein, Windsor-Mount Joy was performing, marketing, and selling insurance services and products in and throughout the state of Maryland.

3.      Defendant, Philip W. Tawes Insurance Agency, Incorporated, (hereinafter "Tawes"), is a Maryland insurance agency that sold the Windsor Mount Joy insurance policy to Plaintiff in Maryland, with its principal place of business located in Crisfield, Maryland. At all times referenced herein, Tawes was selling insurance in and throughout the state of Maryland.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b). As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and the Policy of insurance, held by Plaintiff, provides coverage up to Two Hundred Thousand Dollars ($200,000) for hull and machinery damage. Plaintiff is incorporated in Delaware, with its principal place of business located in Wilmington, Delaware. Windsor-Mount Joy is a Pennsylvania insurance company with its principal place of business located in Ephrata, Pennsylvania. Philip W. Tawes Insurance Agency, Incorporated is a Maryland insurance agency with its principal place of business located in Crisfield, Maryland.

5. This matter seeks declaratory relief and as such jurisdiction is also proper pursuant to 28 U.S.C. § 2201.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as the contract for insurance was executed and issued in Maryland, while the Vessel and Plaintiff's principal Dolbey were located in Cambridge, Maryland. The insurance policy No. 0011719SK (hereinafter the "Policy") has a choice of law provision that states:

> It is understood and agreed that Federal Maritime Law will control any coverage dispute that may arise. Also, should any policy provision conflict with the law of the state in which the policy is issued, the minimum requirement of the state law will apply.

*See* Exhibit A pp. 5. Therefore, both Maryland and Federal Admiralty law apply to this controversy.

## Facts

7. Paragraphs 1-6 are incorporated by reference as if set fully herein.

8. At all times herein, Plaintiff owned a restored 1973 73' Broward Vessel (ID#STR09248M73E) named the "Christina Tamarra" (hereinafter the "Vessel"), which was a classic wooden vessel.

9. Plaintiff purchased insurance from Defendant, Windsor Mount Joy, through the Tawes Insurance Agency, beginning with the policy of December 2016 through December 2017. Plaintiff continued to purchase policies from Defendant through Tawes from December 2017 through 2018 and December 2018 through December 2019. At issue is Policy No. 0011719SK. The policy declaration pages are incorporated and attached hereto as Exhibit A. The Declaration page properly references a 1973 Vessel constructed of wood. It further states lay-up period, vessel laid up afloat, from 12/01 to 4/01. Both Defendants, Windsor Mount Joy and Tawes were

both well aware of the composite material of which the boat was constructed, wood, and that the boat would be laid up, afloat (in the water) during the time it was "storage."

10. On February 26, 2019, while berthed afloat in winter storage at the Cape Charles Marina, the Vessel caught fire in its berth and suffered extensive damages rendering same, a total constructive loss.

11. Windsor Mount Joy "investigated" the claim through Susquehanna Marine Services which "revealed that your Vessel was being energized by shore power at the time of the fire incident." *See* Windsor Mount Joy Denial Letter March 12, 2019 attached hereto as Exhibit B. The denial letter goes onto quote partial general condition as contained in the policy, which stated under Section XV, Subsection A, stated that when the water craft was being stored "afloat" that it be "properly moored or berthed, decommissioned, and **protected against freezing damages and ingressive water, ice, snow, and submersion**." *Emphasis Added*. Under Subsection B, "the water craft and its systems are not to be operated or energized during the specified time period." Based upon the Windsor Mount Joy surveyors finding that the vessel was plugged into shore power at the time of the loss, the Claim was denied. The Windsor Mount Joy Denial letter did not reference in the same general conditions which it quoted as the basis of its denial and as contained in General Conditions Subsection VII Seaworthiness. The Windsor Mount Joy policy requires that the Vessel to be maintained in a seaworthy condition "at all times." The failure to maintain the water craft in a seaworthy condition "will cause the policy to automatically terminate and we will have no obligation to you or any claimant or any loss payee." Section VII requires that "the owner of the insured Vessel to keep it water tight and avoid water intrusion and ice and guard against submersion or else, the policy is void and can be terminated."

12. The 73' Trumpy Big Broward is a wooden hulled Vessel. Wooden hulled vessels are stored afloat, because if they do not stay in the water, wood shrinks, and the hull is compromised. This is known throughout the industry and is an industry standard to store such vessels afloat.

13. In order to properly safeguard a wooden vessel, stored during the winter months, in winter storage as the Big Broward was, through the required December through April time period, the Vessel had to have functioning bilge pumps to de-water the Vessel due to water intrusion from any source, be it weather, thru hull fittings, or the like. Due to the hull being wooden and a 1973 vintage, the fact that the boat was wooden and was stored afloat, was known to both Defendants Windsor Mount Joy and Tawes. Neither Defendant advised or highlighted Article 15 on page 5 of 11, General Conditions, in regular type that the Vessel had to be de-energized, which place the Vessel in an unseaworthy condition and terminate policy coverage. The two portions of the Defendants, Windsor Mount Joy's Policy cannot be reconciled. The boat cannot be winter stored without being shore power energized. Without shore power energy, the Vessel would be at risk of water intrusion and submersion. Investigations by fire cause and origin experts for both Plaintiff and Defendant, determined that the blaze that consumed the vessel had nothing to do with the shore power cord. The fire began in the stern of the vessel behind a bulkhead and is of unknown origin. All we know is where the fire began and that it did not originate from the shore power cord.

14. Plaintiff berthed the vessel on Maryland's Eastern Shore and over the 2018-2019 winter at Cape Charles Marina in Virginia.

15. It is industry standard practice that a wooden vessel requires "wet storage" (needs to be stored in the water) to allow and maintain the condition of the hull remaining swelled to prevent shrinkage of the hull which would destroy the integrity of the hull.

16. Defendant Windsor-Mount Joy is or should have been familiar with the industry standard in caring for wooden boats which it offers and sells insurer products.

17. Defendant Philip W. Tawes Insurance Agency is or should have been familiar with the industry standard in caring for wooden boats which it offers and sells insurer products.

18. Philip W. Tawes Insurance Agency knew that this Vessel was a wooden vessel and needed to be stored in water and is familiar with the industry standard in caring for wooden boats which it offers and sells insurer products.

19. In order for Plaintiff's boat to remain in seaworthy condition, it also must remain energized to keep the bilge pump system working to dewater and protect the vessel.

20. In this instance, the Vessel was fully winterized and stored in its slip and was not available for use at the time of the loss.

21. At all times herein, Mr. Dolbey complied with all industry standards and Defendant Windsor-Mount Joy's Policy of insurance.

22. That on or about February 26, 2019, the Vessel caught fire (of undetermined cause well aft of all shore power connections) and was destroyed. The Vessel was deemed a total loss.

23. On April 2, 2019, marine surveyor, Stephen B. Mason, and Michael Schall, a fire cause and origin expert, were retained by Plaintiff to inspect the at issue vessel at Cape Charles Marina. In addition to Mr. Mason and Mr. Schall, a surveyor and cause and origin inspector representing Defendant Windsor-Mount Joy was present as well.

24. Upon inspection of the totaled Vessel, the engine room and machinery space were not consumed by the fire and were intact with the exception of soot damage. The electrical panel and shore power inlet connections, and the generators were all in satisfactory condition with no burn and/or heat damage. In addition, the shore power cords were intact in to and up to the connection point with no signs of melting or fire. Furthermore, the main engines were undamaged from heat or fire, but did experience soot damage.

25. The inspection determined that this vessel was deemed a constructive total loss. A claim was presented to Defendant's by Plaintiff for full policy limits due to the total loss. Defendant, Windsor Mount Joy denied coverage and refuses to pay Plaintiff for the loss of its Vessel despite Plaintiff's policy of insurance and a fire loss of undetermined cause of origin.

### COUNT I – BREACH OF CONTRACT
**(Windsor-Mount Joy Insurance Company)**

26. The matters and facts alleged in Paragraphs 1 through 25 above are restated and realleged to the extent consistent herewith.

27. At the time of the occurrence Plaintiff, owned the subject Vessel.

28. At all times relevant hereto, a valid contract of insurance existed between Plaintiff and Defendant Windsor-Mount Joy. More specifically, the Policy.

29. At all times relevant hereto, the terms of said insurance policy insured the Plaintiff for hull and machinery property damage and said contract therefore acts to the Plaintiff's benefit.

30. All of the damages to the Vessel were in no way caused or contributed to any negligence by the Plaintiff.

31. Plaintiff complied with the terms of the Policy and is entitled to be paid by Defendant Windsor-Mount Joy any and all damages sustained by Plaintiff resulting from the fire that totaled the subject Vessel.

32. Defendant Windsor-Mount Joy, upon demand has failed to pay Plaintiff's damages, and therefore has materially breached the Policy.

33. As a result, Plaintiff suffered compensatory damages in excess of $75,000.00.

WHEREFORE, Plaintiff, Big Broward 70 LLC, requests this Honorable Court enter judgment in its favor against Defendant, Windsor-Mount Joy Mutual Insurance Company, in excess of seventy-five thousand dollars ($75,000.00), plus attorney's fees, prejudgment interest from the date of the loss at the legal rate, costs, and such other and further relief as the nature of this claim may require.

## COUNT II – NEGLIGENCE
### (Philip W. Tawes Insurance Agency, Incorporated)

34. The matters and facts alleged in Paragraphs 1 through 33 above are restated and realleged to the extent consistent herewith.

35. That at all times relevant here, Defendant Tawes was and acted as Plaintiff's agent to procure the subject insurance Policy.

36. On or about December 13, 2016, Defendant Tawes assisted in completing and executing Plaintiff's insurance application for the subject insurance Policy, knowing that Plaintiff's Vessel was a classic wooden boat.

37. That at all times relevant herein, Defendant Tawes had a fiduciary duty to Plaintiff to act in Plaintiff's interest, had a duty to provide appropriate and adequate information regarding the insurance Policy's application coverages, warranties, and exchanges and to procure sufficient insurance for Plaintiff's and the Vessel's needs, had a duty to communicate those

Plaintiff's needs and information to Defendant Windsor-Mount Joy in procuring applicable, proper, and sufficient insurance coverage, and otherwise had a fiduciary duty to Plaintiff.

38. Defendant Tawes violated its duties to Plaintiff, including but not limited to, failing to act in Plaintiff's interest, by failing to provide appropriate and adequate information to notify Plaintiff that Windsor Mount Joy required storage provisions in winter that would render the Vessel in peril, failed to offer additional coverage that would have removed any such requirement, and failed to advise Defendant-Windsor Mount Joy that Plaintiff's Vessel was a wooden vessel and that it needed to be stored consistent with industry standards, by failing to provide sufficient information to Defendant-Windsor Mount Joy in order to procure adequate and applicable insurance, and was otherwise negligent as may further be discerned through litigation.

39. That as a direct and proximate result of the negligent actions of Defendant Tawes, Plaintiff suffered damages, including, but not limited to, adequate and applicable insurance coverage for Plaintiff and its vessel.

40. That Plaintiff was not contributorily negligent, nor did it assume the risk.

WHEREFORE, Plaintiff, Big Broward 70 LLC, requests this Honorable Court enter judgment in its favor against Defendant, Philip W. Tawes Insurance Agency, Incorporated, in excess of seventy-five thousand dollars ($75,000.00), plus attorney's fees, costs and such other and further relief as the nature of this claim may require.

### COUNT III – NEGLIGENT MISREPRESENTATION
**(Defendants, Philip W. Tawes Insurance Agency, Incorporated and William-Mount Joy Insurance Company)**

41. The matters and facts alleged in Paragraphs 1 through 40 above are restated and realleged to the extent consistent herewith.

42. That at all times relevant here, Defendants Tawes and Windsor-Mount Joy owed a duty of care to Plaintiff in its attempt to procure adequate and applicable insurance coverage for Plaintiff's Vessel.

43. As a result of Plaintiff and Defendants Tawes' and Windsor-Mount Joy's agency to procure insurance for Plaintiffs' Vessel, Defendants Tawes and Windsor-Mount Joy, through their employees, their agents, and/or their servants promised to secure adequate and applicable insurance for the Vessel knowing that the Vessel had to be stored in its slip consistent with industry standards.

44. Defendants Tawes and Windsor-Mount Joy, their employees, their agents, and/or their servants misled Plaintiff about the applicability and adequacy of the insurance policy it was procuring for Plaintiff and its Vessel, and thus have breached the aforementioned duties with Plaintiff.

45. Defendants Tawes and Windsor-Mount Joy, their agents, and/or their servants, through entering into an agreement to procure the subject Policy gave rise to the existence of a duty of care between Defendants Tawes, Windsor-Mount Joy and Plaintiff.

46. Defendants Tawes and Windsor-Mount Joy, their agents, and/or their servants, knew their representations regarding the applicability and adequacy of the subject Policy were false, and the negligent assertion of such facts would cause Plaintiff damage.

47. As a result of Defendants Tawes' and Windsor-Mount Joy, their agents', and/or their servants' representations, upon which Plaintiff relied, Plaintiff executed the application for the subject Policy, and thereafter paid all premiums for same.

48. As a direct and proximate result of the Defendants Tawes' and Windsor-Mount Joy's their agents, and/or their servants fraudulent misrepresentations, Plaintiff, has suffered damages.

WHEREFORE, Plaintiff, Big Broward 70 LLC, requests this Honorable Court enter judgment in its favor against Defendant, Philip W. Tawes Insurance Agency, Incorporated and Windsor-Mount Joy Insurance Company, in excess of seventy-five thousand dollars ($75,000.00), plus attorney's fees, costs and such other and further relief as the nature of this claim may require.

### COUNT IV – VIOLATION CONSUMER PROTECTION ACT
### (Windsor-Mount Joy Insurance Company)

49. The matters and facts alleged in Paragraphs 1 through 48 above are restated and realleged to the extent consistent herewith.

50. Maryland Commercial Law Code, Section 13-303 (2006), prohibits any person from engaging in any unfair or deceptive trade practice, as defined by Section 13-301 (2006). Further, Section 13-303 (2006) states:

> A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in: (1) The sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services.

51. Further, Section 13-101.1 (2006) states:

> The provisions of this title apply to the subject matter of a consumer contract as defined in Section 22-102 of this article

52. At all times relevant hereto, a valid contract of insurance existed between Plaintiff and Defendant Windsor-Mount Joy. More specifically, the Policy.

53. At all times relevant hereto, the terms of said insurance Policy insured the Plaintiff for hull and machinery property damage and said contract therefore acts to the Plaintiff's benefit.

54. All of the damages to the Vessel were in no way caused or contributed to any negligence by the Plaintiff.

55. Plaintiff complied with the terms of the Policy and is entitled to be paid by Defendant Windsor-Mount Joy any and all damages sustained by Plaintiff resulting from the fire that totaled the subject Vessel.

56. Defendant Windsor-Mount Joy, upon demand has failed to pay Plaintiff's damages, and therefore has breached the Policy.

57. Defendant Windsor-Mount Joy deceived Plaintiff by indicating that said insurance Policy insured the Plaintiff for hull and machinery property damage and said contract therefore acts to the Plaintiff's benefit, when in fact, it did not.

58. Defendant Windsor-Mount Joy sold an insurance Policy that did not provide hull and machinery property damage.

WHEREFORE, Plaintiff, Big Broward 70 LLC, requests this Honorable Court enter judgment in its favor against Defendant, Philip W. Tawes Insurance Agency, Incorporated and Windsor-Mount Joy Insurance Company, in excess of seventy-five thousand dollars ($75,000.00), plus attorney's fees, costs and such other and further relief as the nature of this claim may require.

### Count V – Declaratory Judgment
### (All Defendants)

59. The allegations set forth in Paragraphs 1 through 58 are incorporated herein by reference.

60. An actual and immediate controversy exists between Plaintiffs and Defendants with respect to Defendants' duties and obligations, and Plaintiff's rights, under the Subject Policy.

61. Plaintiff contends:

(a) That Policy No. 0011719SK issued by Windsor Mount Joy, which provided Hull Coverage, was in effect on February 26, 2019, that the hull was insured for a limited liability of $200,000;

(b) That the lay-up period of the Vessel was laid up, afloat from 12/01-4/01 that in regards the Big Broward General Conditions Section 7 directly conflicts with Section 15 as concerns the lay-up of the Bog Broward wooden vessel; and

(c) That the conflict of the above-referenced paragraph(s) renders any such warranty an impossibility of performance in addition to being in direct contravention of Subsection VII that there is full coverage for the total loss of the Vessel in the amount of $200,000, that the Tawes agency and Windsor Mount Joy knew or should have known of the composite make-up of the Vessel and being a wood boat and being stored afloat.

62. Pursuant to the Policy is entitled to damages suffered from the destruction of the Vessel.

63. Plaintiff is entitled to a determination of its rights and Defendants' duties under the terms of the Subject Policy pursuant to 28 U.S.C. § 2201.

64. There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Plaintiff, Big Broward 70 LLC, pray (a) that this Court issue a Declaratory Judgment that Policy No. 0011719SK issued by Windsor Mount Joy, which provided Hull Coverage, was in effect on February 26, 2019, that the hull was insured for a limited liability of $200,000, (b) that the lay-up period of the Vessel was laid up, afloat from 12/01-4/01 that in regards the Big Broward General Conditions Section 7 directly conflicts with Section 15 as concerns the lay-up of the Big Broward wooden vessel, (c) that the conflict of the above-referenced paragraph(s) renders any such warranty an impossibility of performance in addition to being in direct contravention of Subsection VII that there is full coverage for the total loss of the Vessel in the amount of $200,000, that the Tawes agency and Windsor Mount Joy knew or should have known of the composite make-up of the Vessel and being a wood boat and being stored afloat, and that this Honorable Court order Defendant, Windsor-Mount Joy Mutual Insurance Company and Tawes, jointly and severally, to pay Plaintiff in excess of two hundred thousand dollars ($200,000.00), plus attorney's fees, prejudgment interest from the date of the loss at the legal rate, costs, and such other and further relief as the nature of this claim may require.

Respectfully submitted,

    */s/ Christopher D. Buck*
Christopher D. Buck (Bar No. 012441)
Adam G. Smith (Bar No. 19241)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland  21401
Telephone:   (410) 266-0626
Facsimile:    (410) 841-5065
Email:    cbuck@hwlaw.com
Email:    adamsmith@hwlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Big Broward 70, LLC demands trial by jury in this action of all issues so triable.

*/s/ Christopher D. Buck*
Christopher D. Buck